UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| PATRICK S. COOMBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00117-GZS |
| | ) | |
| SCOTT LANDRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Patrick Coombs, an inmate at the Maine Correctional Center, alleges that Defendants violated his constitutional rights by failing to observe procedural rules in connection with a disciplinary decision to remove him from a compensated job at the correctional center.

Plaintiff filed an application to proceed *in forma pauperis* (ECF No. 2), which application the Court granted (ECF No. 4). In accordance with the *in forma pauperis* statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 29 U.S.C. § 1915A(a).

As explained below, following a review of the pleadings, the recommendation is that the Court dismiss Plaintiff's complaint without service on Defendants.

## BACKGROUND FACTS[1]

Plaintiff is incarcerated at the Maine Correctional Center in Windham, Maine. (Complaint ¶ 2.) Defendant Scott Landry is the Warden, and is sued in his individual capacity as the person responsible for answering disciplinary appeals. (*Id.* ¶ 3.) Defendant Shawn Welch is a Captain responsible for conducting disciplinary boards, and he is sued in his individual capacity for conducting the disciplinary hearing that is the subject of this action. (*Id.* ¶ 4.) Defendant Luke Monahan was the Unit Manager for Plaintiff's housing unit, and he is sued in his individual capacity for approving the firing of Plaintiff from a compensated job in the correctional center's wood shop, which firing occurred before Plaintiff's disciplinary board proceeding. (*Id.* ¶ 5.)

On May 18, 2014, Plaintiff and three other prisoners were suspected by prison officials of drinking alcohol, a Class A violation of Maine Department of Corrections Disciplinary Policy 20.1. (*Id.* ¶ 6.) Sergeant Nathan Thayer administered breathalyzer tests to all four prisoners. Plaintiff and one of his roommates tested negative, i.e., no alcohol was present in their breath. Two other inmates residing in the room were tested with positive results. (*Id.* ¶¶ 7-9.) The two roommates who tested positive were referred to medical for further evaluation; Plaintiff and the other roommate were not. (*Id.* ¶¶ 10-11.) A correctional officer conducted a search of their room and reported finding an empty container under a bunk bed occupied by Plaintiff and one of the other inmates. (*Id.* ¶¶ 12-13.)

On May 20, 2014, Defendant Monahan ordered Plaintiff not to attend work where Plaintiff received monetary wages. Plaintiff was not brought before a disciplinary board before this sanction was imposed. (*Id.* ¶ 14.) On June 2, 2014, Plaintiff received notification of a disciplinary hearing to be conducted by Defendant Welch on June 12, 2014. (*Id.* ¶ 15.) Plaintiff requested that

---

[1] The facts set forth herein are derived from Plaintiff's Complaint.

his roommates attend the hearing as witnesses. (*Id.* ¶ 16.) When Defendant Welch produced "the first packet of documents of the write-up," the packet did not include the form requesting the breathalyzer test, the test results, or the chain of custody form. (*Id.* ¶ 17.)

On June 12, 2014, when Defendant Welch attempted to conduct a disciplinary hearing on the charges against Plaintiff, Plaintiff moved for dismissal because Defendant Welch had failed to honor the procedures for scheduling disciplinary hearings. Specifically, Plaintiff alleges that Defendant did not conduct the hearing within seven days of the date of notification of the hearing. (*Id.* ¶¶ 18-19.) Defendant Welch denied the request for dismissal without explanation. Plaintiff also complains that Defendant Welch failed to document the motion to dismiss in the administrative record despite Plaintiff's request. (*Id.* ¶ 20.) Defendant Welch, however, continued the hearing to June 18, 2014. (*Id.* ¶ 21.)

On June 18, 2014, Defendant Welch conducted the disciplinary hearing. (*Id.* ¶ 22.) Plaintiff, through his counsel substitute, reasserted his procedural objection. (*Id.* ¶ 23.) Defendant Welch overruled the objection, read the charge, and asked Plaintiff to plead and present his case. (*Id.* ¶ 24.) Plaintiff plead not guilty, denied all charges, and requested that the witnesses be called to testify. (*Id.* ¶ 25.) Defendant Welch, over counsel substitute's urging that the witnesses were important to the proceeding, found that the witnesses had no relevant information, and denied the request. (*Id.* ¶¶ 26-27.) Plaintiff, through substitute counsel, subsequently listed the policy violations associated with the disciplinary report, the investigation, the missing documentation, the scheduling of the disciplinary hearing, and the failure to permit witnesses to attend and testify. (*Id.* ¶ 28.) Defendant Welch found Plaintiff guilty on the basis of the written record, and offered Plaintiff the opportunity to appeal the decision to the correctional center's Superintendent. (*Id.* ¶ 29.)

Plaintiff appealed from the decision. (*Id.* ¶ 30.) On June 26, 2014, Plaintiff submitted an appeal to Warden Landry, who serves as the Administrative Appeal Review Officer. (*Id.* ¶ 31.) On July 3, 2014, Landry affirmed Defendant Welch's decision, and denied Plaintiff's appeal. (*Id.* ¶ 32.) Plaintiff received notification of the administrative appeal finding through the internal prison mail system on July 11, 2014. (*Id.* ¶ 34.)

Plaintiff asserts that Defendants denied him due process of law in connection with the deprivation of his "liberty and amenity": *viz.*, Defendant Welch by denying his request for witnesses and by finding Plaintiff guilty without supporting evidence; Defendant Landry by refusing to dismiss the allegations and by affirming Defendant Welch's decision; and Defendant Monaghan by firing Plaintiff from his job in the industries program before the disciplinary hearing. (*Id.* ¶¶ 68-71.)[2]

Prior to commencing suit, Plaintiff exhausted all administrative remedies available to him in the prison context. (*Id.* ¶ 72.)

## DISCUSSION

**A.    Standard of Review**

When a party is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines," *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S.D. Iowa*, 490 U.S. 296, 307-308 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is

---

[2]    Page 5 of Plaintiff's Complaint ends with paragraph 33, while page 6 begins with paragraph 68.

little doubt they would have power to do so even in the absence of this statutory provision."). Similarly, a lawsuit by a prisoner against a governmental entity and its officers is subject to dismissal, *sua sponte*, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of *pro se* plaintiffs "is not to say that *pro se* plaintiffs are not required to plead basic facts sufficient to state a claim").

**B.    Analysis**

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. As an inmate in a state prison,

Plaintiff has interests that are protected by the Due Process Clause of the Fourteenth Amendment. To state a due process claim, however, Plaintiff's allegations must reflect that he was subjected to an "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Where the deprivation of liberty or property does not rise to that level, the mere violation of prison procedural policies by prison officials does not give rise to a constitutional violation. *Id.*

Here, Plaintiff maintains that his injury or hardship is the loss of income from a compensated job in the Maine Correctional Center's industries program. Simply stated, the loss of prison employment does not amount to an "atypical and significant hardship" when measured against the ordinary incidents of prison life. *Dominique v. Weld,* 73 F.3d 1156, 1160 (1st Cir. 1996) (holding that removal of prisoner from work release program and transfer to medium security facility did not meet the standard described in *Sandin v. Conner*). Consequently, Plaintiff fails to state a plausible claim for a violation of the Due Process Clause.

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2) and 29 U.S.C. § 1915A(a), the recommendation is that the Court dismiss Plaintiff's Complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

Dated this 13th day of April, 2015.        /s/ John C. Nivison
                                           U.S. Magistrate Judge