UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| PATRICK S. COOMBS, | ) |
|     Plaintiff | ) |
|         v. | )    2:15-cv-00117-GZS |
| SCOTT LANDRY, et als. | ) |
|     Defendants | ) |

**ANSWER TO AMENDED COMPLAINT**

Defendants Scott Landry, Shawn Welch and Luke Monahan answer the allegations of the Amended Complaint as follows:

1. Paragraph 1 of the Complaint states a legal conclusion, and no answer is required.

2. Defendants admit the allegation in Paragraph 2 of the Complaint.

3. Defendants admit that Scott Landry is the warden of M.C.C. The remainder of Paragraph 3 of the Amended Complaint states a legal conclusion, and no answer is required.

4. Defendants admit that Shawn Welch was employed as a captain at M.C.C. and conducted the disciplinary hearing that is the subject of the Amended Complaint. The remainder of Paragraph 4 states a legal conclusion, and no response is required.

5. Defendants admit that Luke Monahan is the unit manager for the housing unit where plaintiff was formerly held. Defendants neither admit nor deny the remaining allegations in Paragraph 5 for lack of sufficient knowledge and information.

6. Defendants admit the allegations in Paragraph 6 of the Amended Complaint.

7. Defendants deny that plaintiff was administered a valid breathalyzer test.

8. Defendants deny that plaintiff was administered a valid breathalyzer test and that plaintiff had not been drinking alcohol.

9. Defendants admit the allegations in Paragraph 9 of the Amended Complaint.

10. Defendants admit that two of the prisoners were evaluated by the medical department.

11. Defendants neither admit nor deny the allegations in Paragraph 11 of the Amended Complaint for lack of sufficient knowledge and information.

12. Defendants admit the allegations in Paragraph 12 of the Amended Complaint.

13. Defendants admit that a container altered to ventilate containing "hooch" residue and a bowl of loose sugar and several containers of fruit were found under plaintiff's bunk.

14. Defendants neither admit nor deny the allegations in Paragraph 14 of the Amended Complaint for lack of sufficient knowledge and information.

15. Defendants admit that plaintiff received notification of a hearing on June 2, 2014 on disciplinary charges of "possession" and "alcohol."  Defendants neither admit nor deny that the hearing was initially scheduled for June 12, for lack of sufficient knowledge and information.

16. Defendants admit the allegation in Paragraph 16 of the Amended Complaint.

17. Defendants neither admit nor deny the allegations in Paragraph 17 of the Amended Complaint for lack of sufficient knowledge and information.

18. Defendants neither admit nor deny the allegations in Paragraph 18 of the Amended Complaint for lack of sufficient knowledge and information.

19. Defendants admit the plaintiff moved to dismiss the disciplinary charges on the ground alleged.

20. Defendants admit that defendant Welch denied plaintiff's motion but deny that Welch's ruling was arbitrary.  Defendants deny that Welch was required to set forth a reason for denying the motion.  Defendants deny the remaining allegations in Paragraph 20 of the Amended Complaint.

21. Defendants admit that the hearing was continued to June 18, 2014.  Defendants deny the remaining allegation in Paragraph 21 of the Amended Complaint.

22. Defendants admit that defendant Welch held a disciplinary hearing on June 18, 2014 at which plaintiff asserted a number of objections.  Defendants den the remaining allegations in Paragraph 22 of the Amended Complaint.

23. Defendants neither admit nor deny the allegations in Paragraph 23 of the Amended Complaint for lack of sufficient knowledge and information.

24. Defendants neither admit nor deny the allegations in Paragraph 24 of the Amended Complaint for lack of sufficient knowledge and information.

25. Defendants neither admit nor deny the allegations in Paragraph 25 of the Amended Complaint for lack of sufficient knowledge and information.

26. Defendants neither admit nor deny the allegations in Paragraph 26 of the Amended Complaint for lack of sufficient knowledge and information.

27. Defendants neither admit nor deny the allegations in Paragraph 27 of the Amended Complaint for lack of sufficient knowledge and information.

28. Defendants admit that defendant Welch found plaintiff guilty of the disciplinary charges, imposed the sanctions alleged and notified plaintiff of his right to appeal.  Defendants deny the remaining allegations in Paragraph 28 of the Amended Complaint.

29. Defendants admit the allegation in Paragraph 29 of the Amended Complaint.

30.  Defendants admit that plaintiff appealed the finding to defendant Landry.  Defendants neither admit nor deny the remaining allegation in Paragraph 30 for lack of sufficient knowledge and information.

31.  Defendants admit the allegation in Paragraph 31 of the Amended Complaint.

32.  Defendants neither admit nor deny the allegations in the handwritten Paragraph 32 of the Amended Complaint for lack of sufficient knowledge and information.

32.  [*sic*] Defendants admit the allegations in Paragraph 32 of the Amended Complaint.

33.  To the extent that Paragraph 33 of the Amended Complaint repeats facts already alleged, defendants repeat their responses to those allegations.  To the extent that Paragraph 33 states new allegations of fact, defendants deny those allegations.  To the extent that Paragraph 33 states legal contentions or conclusions of law, no answer is required.

34. – 36.  Paragraphs 34 through 36 of the Amended Complaint state conclusions of law, and no answer is required.

37.  Defendants admit that plaintiff exhausted the appeal available to him under the Department's disciplinary policy.  To the extent that other administrative remedies were available to plaintiff, defendants deny the allegations in Paragraph 37 of the Amended Complaint.

WHEREFORE, defendants request that the court enter judgment in their favor and that they be awarded costs.

AND FURTHER ANSWERING, defendants state:

1. The Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff failed to exhaust available administrative remedies, and his complaint must be dismissed.

3. Plaintiff's claims are barred by the doctrine of *res judicata.*


September 6, 2016                                    __/s/  James E. Fortin___
                                                     James E. Fortin
                                                     Assistant Attorney General
                                                     James.Fortin@maine.gov

Office of the Attorney General
Six State House Station
Augusta, ME 04333
626-8800


Certificate of Service

The undersigned hereby certifies that he electronically filed the above document with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record, and that he mailed a copy, postage paid, to the following:

Patrick S. Coombs
Maine State Prison
807 Cushing Road
Warren, ME 04864


September 6, 2016                                    /s/ James E. Fortin
                                                     James E. Fortin
                                                     Assistant Attorney General